MOO HYUNG AND SI HONG CHO, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Moo Hyung v. Commissioner
Docket No. 27826-90
United States Tax Court
T.C. Memo 1992-5; 1992 Tax Ct. Memo LEXIS 10; 63 T.C.M. (CCH) 1708; T.C.M. (RIA) 92005; January 2, 1992, Filed *10 An appropriate order of dismissal for lack of jurisdiction will be entered. John M. Kirwan, for petitioners. Thomas R. Lamons, for respondent. DAWSON, Judge. DAWSON
MEMORANDUM OPINION This case was assigned to Special Trial Judge Larry L. Nameroff pursuant to section 7443A(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE NAMEROFF, Special Trial Judge: This case is before the Court on respondent's motion to dismiss for lack of jurisdiction. The matter was submitted based upon the pleadings and the attachments thereto. By notice of deficiency dated August 28, 1990, respondent determined deficiencies in Federal income taxes due from petitioners for the taxable years 1986 and 1987 in the respective *11 amounts of $ 69,932 and $ 38,979. Respondent also determined additions to tax, for both years, under sections 6653(a)(1)(A), 6653(a)(1)(B), and 6661(a). The notice of deficiency was mailed to petitioners' last known address on August 28, 1990. The 90-day period for timely filing a petition with this Court expired on Monday, November 26, 1990, which day was not a legal holiday in the District of Columbia. On November 26, 1990, attorney John M. Kirwan prepared and signed on behalf of petitioners a petition for redetermination of deficiencies, a request for place of trial, and a transmittal letter to accompany the petition. He also prepared a check payable to the Court in the amount of $ 60 for the filing fee for the petition. At approximately 3:30 p.m. on that date, Mr. Kirwan presented all these documents to his secretary Delia Hinojos for purposes of packaging and depositing them in the United States mail. Also on November 26, 1990, Ms. Hinojos made five copies of the petition documents and prepared a mailing label properly addressed to the Court. She calculated the required postage for the package to be mailed by certified mail and completed a document entitled "receipt for *12 certified mail", which was preassigned with a document number P 817 025 582. According to Ms. Hinojos, the practice of Mr. Kirwan's law firm is not to have a sender's receipt stamped by the post office, but the law firm does keep a log of certified mail receipts. The Court is satisfied from the evidence presented that the certified mail receipt was, in fact, prepared on November 26, 1990. After affixing the address label and the green certified mail label for document number P 817 025 582 to the envelope, Ms. Hinojos handed the envelope and receipt to an associate, Irma Gasca, and instructed her to affix the required amount of postage to the envelope. Ms. Gasca affixed $ 4.25 worth of postage, consisting of seventeen 25-cent United States stamps placed in two rows along the top of the package given to her by Ms. Hinojos. At approximately 4:30 p.m., Ms. Gasca took the package and placed it in the United States Post Office mailing bin located in the lobby at 3250 Wilshire Boulevard, Los Angeles, California 90010, the address of Mr. Kirwan's law firm. Ms. Gasca believes that the United States Post Office picks up documents from that bin Monday through Friday between 5:15 p.m. and *13 5:30 p.m. On December 7, 1990, the aforementioned package was returned to Ms. Gasca by the postal carrier in a dilapidated condition, with a postmark of November 29, 1990. Many of the stamps that had been affixed to the envelope by Ms. Gasca had been removed. The package was marked "return to writer", "returned for postage", and "postage due $ 2.70". Promptly thereafter, the petition, request for place for trial, a revised transmittal letter, plus declarations from Mr. Kirwan, Ms. Hinojos, and Ms. Gasca, together with the original envelope bearing certified mail sticker P 817 025 582 were remailed to the Court by Mr. Kirwan's office, whereupon the petition was filed on December 12, 1990. Respondent has moved to dismiss this case for lack of jurisdiction on the grounds that the petition was not timely filed. Petitioners have filed an objection to respondent's motion contending that the petition was filed with the Court within the time prescribed by sections 6213(a) and 7502, and that respondent's prior filing of an Answer without this defense bars respondent's motion to dismiss for lack of jurisdiction. We may deal summarily with this second contention. Timely filing is a jurisdictional *14 requirement, which neither the Court nor the parties can waive. . Moreover, jurisdiction questions may be raised at any time during a proceeding. ; . Accordingly, the fact that respondent filed an Answer and failed to raise the jurisdictional question early in these proceedings does not prevent the Court from examining whether it properly has jurisdiction. Section 6213(a) provides, in pertinent part, that a petition is timely if filed within 90 days after issuance of the notice of deficiency. Failure to file within the 90-day period deprives this Court of jurisdiction. . Where the petition is not actually received by this Court within the 90-day period, as in this case, section 7502 must be relied upon to establish the timeliness of the petition. If section 7502 is inapplicable, or if the requirements thereof are not satisfied, the petition is not timely. . *15 The burden of proving that this Court has jurisdiction is upon petitioners. . Under section 7502, a petition properly mailed to this Court within the 90-day period but delivered after expiration thereof is considered timely. Section 7502(a)(1) and (d). The provisions of section 7502 are applicable only if both the mailing and delivery requirements are satisfied. Sec. 301.7502-1(a), Proced. & Admin. Regs. Proper mailing is accomplished if (1) the petition is contained in a properly addressed envelope or wrapper, (2) the petition is deposited within the prescribed time in the domestic mail service of the United States Post Office with sufficient postage prepaid, and (3) the postmark on the envelope or wrapper made by the United States Post Office bears a date within the applicable 90-day period. Sec. 7502(a)(2); sec. 301.7502-1(c), Proced. & Admin. Regs. All three of these requirements must be satisfied in order to establish proper mailing. Generally, where a legible United States postmark date appears on the envelope or wrapper, as it does here, no extrinsic evidence may be introduced to prove the time that *16 the postmark date was made. , affg. per curiam ; ; . If that date is outside of the 90-day period, the petition is untimely and extrinsic evidence is not admissible to establish that the petition was actually mailed within the 90-day period. Thus, if we were to give cognizance to the petition placed in the post office bin on November 26, 1990, which was returned to Mr. Kirwan's offices, we must conclude that the envelope bore an untimely postmark. The postmark on that envelope was November 29, 1990, three days beyond the 90-day period. Moreover, in order to comply with the requirements of section 7502(a), an envelope must have the proper postage. Sec. 301.7502-1(c)(1)(ii), Proced. & Admin. Regs. Petitioners' envelope of November 26, 1990, did not. The envelope was returned for postage due of $ 2.70. (We note respondent's contention that even if $ 4.25 postage had been placed on the envelope by Ms. Gasca, it was still 20 cents *17 short.) The risk of stamps falling off envelopes is on the sender. We cannot conclude from the evidence submitted that someone in the post office deliberately removed the stamps. Because petitioners did not affix sufficient postage to the envelope, they are not entitled to the presumption of filing afforded by section 7502. Further, we note the second prerequisite to applicability of section 7502, the delivery requirement. It is well established that section 7502 does not apply unless the delivery of the petition to the Tax Court by United States mail is in fact accomplished. , affg. an unreported order of this Court; ; Sec. 301.7502-1(d)(1), Proced. & Admin. Regs. In the instant case, the envelope "mailed" on November 26, 1990, was not delivered to the Court. It was returned to Mr. Kirwan's office and a different envelope was sent to the Court containing the petition and other documents to be filed. The fact that Mr. Kirwan sent the original envelope in its dilapidated or abused condition does not constitute delivery as required by section *18 7502(a). Accordingly, we have no choice but to grant respondent's motion to dismiss this case for lack of jurisdiction. An appropriate order of dismissal for lack of jurisdiction will be entered. Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩